UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BETTY HARDENBROOK,

    Plaintiff,

vs.                                               Case No. 3-10-cv-648-J-32MCR

MICHAEL J. ASTRUE,
Commissioner of Social Security

    Defendant.
_____/

# REPORT AND RECOMMENDATION[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying her application for disability insurance benefits. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, it is recommended the Commissioner's decision be **AFFIRMED.**

## I. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits on May 19, 2005, alleging she became disabled on December 31, 2003. (Tr. 76-80, 264). Plaintiff later amended her initial onset date to March 1, 2004. (Tr. 264). Those applications were denied initially and upon reconsideration. (Tr. 48-52). A hearing was held before an administrative law judge (the "ALJ") who issued a decision

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

on July 11, 2007, finding Plaintiff not disabled. (Tr. 280-88). The Appeals Council vacated that decision and remanded the case. (Tr. 289-91). A second hearing was held on March 24, 2008, and the ALJ once again found Plaintiff not disabled in a decision dated August 11, 2008. (Tr. 19-28). The Appeals Council denied Plaintiff's request for review, rendering the August 11, 2008 decision the final decision of the Commissioner. (Tr. 7-10). Plaintiff appeals the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

## II.     NATURE OF DISABILITY CLAIM

### A.     Basis of Claimed Disability

Plaintiff is alleging disability since March 1, 2004 due to back and knee pain, numbness in her left leg, and carpal tunnel syndrome in both arms. (Tr. 133).

### B.     Summary of Evidence Before the ALJ

Plaintiff was 40 years old at the time of the August 11, 2008 decision. (Tr. 442). She has a high school education and past relevant work experience as a nurse assistant, school cafeteria cook, home cleaner, and decal applier. (Tr. 265, 443, 463-64).

Beginning in 2001, Plaintiff presented to Dung Nguyen Le, M.D. with numbness in both hands. (Tr. 192). After being diagnosed with carpal tunnel syndrome, Plaintiff was advised to wear splints on her wrists at night and began treatment with steroid injections. (Tr. 191). On July 15, 2003, Dr. Le noted Plaintiff's carpal tunnel had improved after getting steroid injections and she was doing well. (Tr. 190). Victor A. Maquera, M.D. administered the injections and noted, "[t]he injection immediately

resolved her symptoms." (Tr. 155). Plaintiff continued to receive injections throughout 2004 and each resulted in immediate resolution of her symptoms. (Tr. 155, 156).

In December 2004, Plaintiff presented to Dr. Maquera alleging severe lower back pain. (Tr. 152). She indicated her symptoms were moderate to severe pain, characterized as a dull, sharp, burning, and sometimes aching sensation in the leg where it fell asleep. (Tr. 223). Plaintiff complained that standing, walking, bending, twisting, lifting, and coughing aggravated her symptoms and laying down relieved her symptoms. Id. An MRI performed at Northeast Florida Neurosurgery on January 1, 2005 revealed the following: (1) mild lumbar scoliosis; (2) at the L2-3 level, desiccated disk with small right paracentral focal disk protrusion minimally affecting the ventral aspect of the thecal sac; (3) at the L3-4 level, cross degeneration of the disk with diffuse concentric disk bulging and degenerative spondylotic changes producing moderate acquired central canal stenosis and bilateral foraminal stenosis; and (4) at the L4-5 level, degenerated disk with a broad-based foraminal disk protrusion narrowing the left neural foramen with possible nerve root impingement. (Tr. 158). Mark A. Spatola, M.D. and Markam Reham, M.D. of Northeast Florida Neurosurgery did not recommended Plaintiff undergo surgery at that time. (Tr. 146). Instead, they prescribed a series of medications and injections and advised Plaintiff to stop smoking, lose weight, and follow a light exercise program. Id.

A series of trigger point injections administered by Rigioberto Puente-Guzman, M.D. provided Plaintiff with some pain relief. (Tr. 147, 150, 152, 207, 216, 221). Throughout the treatments, Dr. Puente-Guzman consistently noted the injections helped to relieve Plaintiff's symptoms and she was able to function. (Tr. 205, 209, 214, 223).

Dr. Maquera's examination notes stated Plaintiff appeared to be in no acute distress and she did not demonstrate any discomfort, Plaintiff was able to easily move from sitting to standing positions without any noted increased pain behavior, and she sat comfortably in the chair throughout the examinations. (Tr. 205, 209, 211, 219).

In May 2005, a Function Report completed by Plaintiff indicated she was able to dress and attend to her personal hygiene independently, make her bed, clean her home, do laundry, go shopping, cook three meals a day for her husband and two children, drive her children to school, and occasionally ride the lawnmower outside. (Tr. 93-100). Consultative examinations conducted on July 11, 2005 and December 12, 2005 by Alan J. Harris, Ph.D. and Walter P. Shepherd, Ph.D., respectively, each concluded Plaintiff's mental impairments were not severe and she suffered from no restrictions in her activities of daily living. (Tr. 159, 169, 227, 237). Drs. Harris and Shepherd did find Plaintiff had a mild limitation maintaining social functioning and concentration, persistence, and pace. (Tr. 169, 237).

### C. Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve (12) months. 20 C.F.R. § 404.1505(a). The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520(a). First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or a combination of impairments which significantly limit her physical or mental ability to do basic work

activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c).

Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(g). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287 (1987).

In the instant case, at step one, the ALJ found Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of December 31, 2003, through her date of last insured of December 31, 2006." (Tr. 21, Finding 2). At step two, the ALJ found Plaintiff had the following severe impairments: arthropathy of the lumbosacral spine associated with degenerative disc disease and multilevel spondylitic changes, obesity, hyperlipidemia, hypertension, carpal tunnel syndrome, and depression. (Tr. 21, Finding 3). At step three, the ALJ stated "the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (Tr. 22, Finding 4).

With respect to Plaintiff's residual functional capacity ("RFC"), the ALJ found as follows:

> [C]laimant had the ability to lift a maximum of 10 pounds, and

5

> to stand/walk and sit, respectively, for a total of about 6 hours in an 8 hour workday, but needed to have a sit/stand option while remaining at the workstation. The claimant needed to avoid frequent ascending and descending of stairs, and to avoid pushing motions with the upper extremities within the aforementioned weight restrictions. She could occasionally climb, balance, stoop, crouch, kneel and crawl, and needed to avoid exposure to moving machinery and unprotected heights. The claimant was able to perform activities requiring bilateral manual dexterity for both gross and fine manipulation with handling and reaching. Due to mild psychologically based symptoms associated with depression, she required work which was low stress, simple, unskilled with one, two or three step instructions: she was capable of carrying out simple job instructions.

(Tr. 23, Finding 5). In making his determination, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements regarding the "intensity, persistence, and limiting effects" of the symptoms were not entirely credible. (Tr. 24).

At step four, the ALJ determined Plaintiff could not perform any of her past relevant work. (Tr. 26). Accordingly, the ALJ proceeded to step five where he utilized a vocational expert (the "VE") to determine the extent to which Plaintiff's limitations had eroded her ability to perform unskilled sedentary and light levels of work. (Tr. 27). Based on Plaintiff's age, education, work experience, and RFC, the VE determined jobs existed in significant numbers in the national economy that Plaintiff could perform, such as a cashier, a parking lot attendant, or a ticket seller. (Tr. 27, 467). Accordingly, the ALJ found Plaintiff not disabled within the meaning of the Social Security Act. (Tr. 28, Finding 11).

## III. ANALYSIS

### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewing court finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (explaining the court must scrutinize the entire record to determine the reasonableness of the factual findings).

7

B. **Issues on Appeal**

In her memorandum of law, Plaintiff raises two issues. The first issue is whether the ALJ erred at step two by failing to find Plaintiff's chronic pain a severe impairment.[2] (Doc. 17, p. 6). The second issue is whether the ALJ erred by failing to adequately consider Plaintiff's impairments in combination. (Doc. 17, p. 9). Each issue is addressed in turn below.

1. **Whether the ALJ erred at Step 2 by failing to find Plaintiff's chronic back pain constituted a severe impairment.**

Plaintiff contends the ALJ erred by failing to find Plaintiff's chronic pain constituted a severe impairment at step two of his evaluation. (Doc. 17, p. 6-9). The Commissioner responds the ALJ's findings were proper or, in the alternative, harmless error because the ALJ determined at step two that Plaintiff suffered from severe impairments and was therefore, not required to specifically identify all Plaintiff's potential impairments. (Doc. 21, p. 5-9).

At step two, the claimant bears the burden of proving the existence of a severe

---

[2] In the beginning of her memorandum, Plaintiff states that the ALJ erred by failing to find her chronic pain, depression, and anxiety to be severe (Doc. 17, p.1), however, she fails to discuss further the depression or anxiety and therefore, no legal authority is provided to support the claim that the ALJ erred in failing to consider them severe. This is not sufficient and the Court will not engage in speculation as to Plaintiff's arguments regarding these issues. See Outlaw v. Barnhart, 197 F.App'x 825, 828 n.3 (11th Cir. 2006) (plaintiff waived issue regarding physical exertional impairments despite listing issue in brief where plaintiff "did not elaborate on this claim or provide authority about this claim") (citing Cheffer v. Reno, 55 F.3d 1517, 1519 n. 1 (11th Cir. 1995) (concluding that issue was waived, even though party's brief listed the issue in the statement of issues, because party provided no argument on the merits of the claim)); Rowe v. Schreiber, 139 F.3d, 1381, 1382 n. 1 (11th Cir. 1998) (noting in the absence of an argument, an issue is deemed abandoned); Callahan v. Barnhart, 186 F. Supp. 2d 1219, 1230 n. 5 (M.D. Fla. 2002) (noting that issue raised only in heading of a brief without any further elaboration or factual support is deemed waived). Accordingly, the Court will not consider the issues not fully briefed by Plaintiff's counsel.

8

impairment. See Yuckert, 482 U.S. at 146.  In considering an alleged impairment, the ALJ must evaluate evidence about its "functionally limiting effects" to determine how it affects the claimant's ability to do basic work activities.  Social Security Ruling ("SSR") 96-3p.  At step two, the ALJ is not required to identify all of the impairments that should be considered severe.  See Heatly v. Commissioner of Social Sec., 382 F.App'x 823 (11th Cir. 2010).  Instead, the only requirement of step two is to identify if a severe impairment does in fact exist.  Id.

Heatly v. Commissioner of Social Security is factually indistinguishable from the case at bar.  In Heatly, the ALJ determined the only severe impairment the claimant suffered from was status-post cervical fusion, despite the fact that the claimant had separately been diagnosed with chronic back pain.  Id. at 824.  The Eleventh Circuit held that "[e]ven if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded [claimant] had a severe impairment; and that finding is all that step two requires."  Id.  (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1991) (applying the harmless error doctrine to social security cases); Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987) ("the finding of *any* severe impairment . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is enough to satisfy step two) ( emphasis added)).

In the instant case, the ALJ determined Plaintiff had the following severe impairments:  arthropathy of the lumbosacral spine associated with degenerative disc disease and multilevel spondylitic changes, obesity, hyperlipidemia, hypertension, carpal tunnel syndrome, and depression.  (Tr. 21, Finding 3).  Plaintiff asserts the ALJ

erred in failing to include "chronic back pain" in the list of severe impairments. (Doc. 17, p. 7). However, the case cited by Plaintiff, McCruter v. Bowen, 701 F.2d 1544, 1547 (11th Cir. 1985), does not support this argument. McCruter v. Bowen, is distinguishable from the case at bar because in that case, the ALJ found the claimant had *no* severe impairment at step two and used that finding alone to deny the claimant social security benefits. Id. Unlike Bowen, the ALJ in the instant case found numerous severe impairments at step two and as noted above, Eleventh Circuit law is well settled that the standard required at step two is satisfied if the ALJ finds any severe impairment exists.

The Court finds no error in the step two finding in the instant case. The ALJ found not only one, but six severe impairments suffered by Plaintiff. (Tr. 21). The first listed was "arthropathy of the lumbosacral spine associated with degenerative disc disease and multilevel spondylitic changes. . . ." Id. Not only is that condition most likely the cause or a main contributor to Plaintiff's chronic back pain, but a direct application of Heatly demonstrates that this finding is more than sufficient to satisfy the step two requirement. Therefore, the undersigned finds no error.

Additionally, as the Commissioner points out, although the ALJ did not find Plaintiff's pain to be a separate impairment at step two, it is clear he considered and evaluated her pain at the later steps. (Tr. 23-26). When a claimant attempts to establish disability based on her subjective complaints, she must produce: (1) evidence of an underlying medical condition and (2) objective medical evidence either (a) confirming the severity of alleged symptoms or (b) indicating that the medical condition could be reasonably expected to cause symptoms as severe as alleged. See 20 C.F.R. § 404.1529; Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). If a

claimant's impairments could reasonably be expected to produce the alleged symptoms but objective medical evidence does not confirm the severity of the alleged symptoms, the ALJ must evaluate the intensity and persistence of her alleged symptoms and their effect on her ability to work.  Id.  "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so."  Wilson, 284 F.3d at 1225-26.  A credibility finding will not be disturbed by a reviewing court if it is supported by substantial evidence.  Foote, 67 F.3d at 1562.

  Here, the ALJ properly applied the pain standard and found: "claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment . . . ."  The ALJ discredited Plaintiff in several ways, first of which was to examine her course of treatment.  The ALJ stated, "despite the claimant's musculoskeletal difficulties, her medical treatment has been conservative and non-aggressive."  (Tr. 25).  See Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996); Watson v. Heckler, 738 F.2d 1169, 1173 (11th Cir. 1984) (per curium) (stating a claimant's conservative treatment, or non-treatment, may be used as evidence to discredit the claimant's subjective complaints).  Plaintiff's treatment plans focused on conservative measures, including pain injections in her lower back every three months, which the evidence suggests were effective in providing relief.  (Tr. 147-56).  Moreover, throughout 2005, Dr. Maquera noted Plaintiff showed no signs of acute distress or pain behavior at her examinations; she was able to sit comfortably throughout her examinations and move from sitting to standing positions

with ease. (Tr. 205, 209, 211, 219). In January 2006, a consultative examining physician, Dr. Eftim Adhami, documented Plaintiff had normal range of motion in her lumbar spine, sensation was normal throughout her body, there were no muscle spasms or rigidity, and she retained the ability to pick up small objects and button clothes. (Tr. 241).

The ALJ also considered Plaintiff's personal testimony as to her daily living activities and her demeanor at the hearings. (Tr. 26). Despite her consistent complaints of pain, Plaintiff testified that she continued to care for her two eleven-year-old children, drive a car, go shopping, cook three full meals for her family almost every day, mow the lawn with a riding mower, clean, do laundry and do housework. (Tr. 93-96, 454). Plaintiff also, "attended the hearing proceedings closely and fully, without any noted distractions, or overt pain behavior. She was able to respond to questions appropriately, and she lacked the general physical appearance of a person who might have been experiencing prolonged or severe pain." (Tr. 26).

The undersigned finds no merit to Plaintiff's first argument that the ALJ's omission of chronic pain among Plaintiff's severe impairments constitutes reversible error. Accordingly, the Court finds no error at step two.

### 2. **Whether the ALJ erred by failing to consider Plaintiff's impairments in combination.**

Because this Court finds the ALJ did not err in excluding chronic back pain from the list of Plaintiff's severe impairments at step two, this Court also rejects Plaintiff's second argument that as a result of the ALJ's step two error, he also erred by failing to consider Plaintiff's impairments in combination.

If a claimant alleges several impairments, the ALJ "has a duty to consider the impairments in combination and to determine whether combined impairments render claimant disabled." Wilson, 284 F.3d at 1224-25 (citing Jones v. Department of Health and Human Services, 941 F.2d 1529, 1533 (11th Cir. 1991)). As the Commissioner properly points out, an ALJ's finding is sufficient if he or she simply states: "the medical evidence establishes that [the claimant] had [several injuries] which constitute a 'severe impairment,' but that [s]he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." Wilson, 284 F.3d 1224-25; Jones, 941 F.2d at 1533.

In this case, the Court is satisfied that the ALJ's decision contains evidence that he considered the combined effects of all of Plaintiff's impairments. The decision reads: "[t]hrough the date of last insured, the claimant did not have an impairment *or combination of impairments* in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 22) (emphasis added). In addition, this Court is also convinced by the lengthy discussion in the decision regarding Plaintiff's RFC as a result of each impairment. (Tr. 22-26). Specifically, the ALJ discussed Plaintiff's pain in her lower back, knees, and legs, as well as the effect it had on her ability to stand and sit for extended periods of time. (Tr. 24-26). The ALJ also discussed the treatments Plaintiff underwent for her pain and the medical opinions of both her treating and consulting physicians. Id. This is sufficient evidence that the ALJ considered Plaintiff's impairments in combination and accordingly, the Court finds no error.

**IV.    CONCLUSION**

For the foregoing reasons, the undersigned finds the ALJ's decision is supported by substantial evidence and is based upon the proper legal standards. Accordingly, it is hereby

**RECOMMENDED:**

The Commissioner's decision be **AFFIRMED.**

**DONE AND ENTERED** at Jacksonville, Florida, this   3rd   day of August, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Honorable Timothy J. Corrigan,
United States District Judge